### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD HOLT, ESQ. and <br> DAVID HARPOOL, ESQ. <br><br> Petitioners, <br><br> v. <br><br> EMMANUEL DUNAGAN, JESSICA MUSCARI, ROBERT J. INFUSINO, STEPHANIE PORRECA, KEISHANA MAHONE, and LAKESHA HOWARD-WILLIAMS <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> )   Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RONALD HOLT, ESQ. AND DAVID HARPOOL, ESQ.'S MOTION QUASH OR, IN THE ALTERNATIVE, MOTION TO MODIFY THE SUBPOENAS AND MOTION FOR PROTECTIVE ORDER AND STAY DATES OF DEPOSITIONS**

Pursuant to Fed.R.Civ.P. 26(c), Fed.R.Civ.P. 45(d)(3), and D. Kan. Rule 26.2, Ronald Holt, Esq. ("**Holt**") and David Harpool, Esq. ("**Harpool**"), non-parties to the underlying lawsuit, hereby move the Court for an Order quashing or modifying Plaintiffs Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, Stephanie Porreca, Keishana Mahone, and Lakesha Howard-Williams ("**Plaintiffs**") subpoenas to Holt and Harpool and for a protective order. Pursuant to D. Kan. Rule 26.2, the discovery and deposition "is automatically stayed," pending resolution of these Motions.

### NATURE OF THE MATTER AND STATEMENT OF FACTS

Respondents filed a class action against Illinois Institute of Art-Schaumburg, LLC ("**IIA-Schaumburg**"), Illinois Institute of Art, LLC ("**IIA**"), Dream Center Foundation ("**DCF**"), Dream Center Educational Holdings, LLC ("**DCEH**"), Brent Richardson, Chris Richardson, Shelly Murphy, and John Does 1-7 (hereinafter, "**Defendants**") in the United States District Court for the Northern District of Illinois styled *Dunagan, et al. v. Illinois Institute of Art-Schaumburg, LLC, et*

*al.* Case No. 19-cv-809 (hereinafter, "Lawsuit").[1] *See Fourth Amended Class Action Complaint and Jury Demand*, attached as **Exhibit A**. DCEH and many of its subsidiaries are in receivership.[2]

On October 18, 2023, Plaintiffs served subpoenas upon Holt and Harpool which sought depositions on November 27 and November 28, 2023 as well as a single, but incredibly broad, category of documents.[3] Specifically, the Riders to the Subpoenas called for:

> <u>All documents related to your representation</u> of Dream Center Education Holdings, LLC, the Dream Center Foundation, the Illinois Institute of Art (IIA), and the Art Institute of Colorado (AIC), and any organizations and companies affiliated with them, regarding any aspect of IIA and AIC's accreditation, IIA and AIC's conversion to non-profit status, and IIA and AIC's eligibility under Title IV of the Higher Education Act.

See October 18, 2023 Subpoenas to Holt and Harpool, attached as **Exhibit B** and **Exhibit C** (emphasis added). Those Riders requested documents be produced by November 8, 2023. Holt and Harpool served written objections to the Subpoenas on October 31, 2023. **Exhibit D**.

As set forth in the Declarations of Holt and Harpool, attached hereto as **Exhibit E** and **Exhibit F**, Holt and Harpool were legal counsel for DCF, DCEH and worked on the EDMC-

---

[1] Plaintiffs, who are former students of IIA at campuses in Shaumburg and Chicago, accuse the Defendants of various deceptive practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDPA") as well as negligent misrepresentations and fraudulent concealment. Generally speaking, Plaintiffs allege that DCF entered into an agreement to purchase IIA from its then-owner, Education Management Corporation ("EDMC"). Plaintiffs further allege that DCEH owned and, together with one or more other Defendants, operated all of Defendant IIA's campuses. Plaintiffs allege that DCF is the sole owner of DCEH and the ultimate parent company of the buyers in the EDMC transaction. Plaintiffs further allege that at the time of the purchase, IIA and all of its campuses were accredited by the Higher Learning Commission ("HLC"), a private non-profit accrediting agency recognized by the United States Department of Education ("DOE"). Plaintiffs allege that on January 20, 2018, the change in ownership and control of IIA schools from EDMC to DCF and its subsidiaries became effective, that the change in ownership and control to DCF caused HLC to remove IIA's status as an accredited institution, and that Defendants did not inform IIA students at any time after agreeing to purchase IIA that IIA campuses could lose their accreditation and did not inform students when the loss of accreditation occurred.

[2] *See Digital Media Solutions, LLC v. South University of Ohio, LLC*, Case No. 1:19-cv-00145-DAP (N.D. Ohio).

[3] Plaintiffs had previously issued Subpoenas to Holt and Harpool on September 28, 2023 and October 6, 2023 that were withdrawn while the parties attempted to resolve the issues raised in the instant Motion. Those Subpoenas were essentially identical to the Subpoenas at issue in this Motion, with the exception of the date for compliance.

DCEH transaction and regulatory matters on behalf of DCEH and its subsidiaries, and also DCF as the entity holding the sole membership interest in DCEH.

On its face, the Subpoenas call for material protected from disclosure by the attorney-client privilege, the work product doctrines, the common interest privilege and/or other applicable privileges. In telephone and written communications with counsel for Plaintiffs, undersigned counsel noted that absent either consent of all former clients, or entry of a court order, Holt and Harpool were obligated to refuse to disclose any privileged materials or testify regarding privileged communications. In response, counsel for Plaintiffs has alleged that the privilege has been waived through disclosure of certain documents to third parties. As non-parties, Holt and Harpool are not able to determine whether a waiver has occurred, and if so, the scope of any waiver.

Counsel for DCF has advised undersigned counsel that DCF has not waived any privileges, that DCF had objected to certain of Plaintiffs' requests for production as calling for privileged materials, that DCF has served a privilege log covering certain communications with Holt and Harpool, and that Plaintiffs have not filed a motion to compel related to that discovery. Undersigned counsel also contacted counsel for DCEH in the receivership action who informed undersigned counsel that he had forwarded counsel's email inquiry regarding these privilege issues but has not yet received a response. Finally, undersigned counsel has communicated with counsel for both Plaintiffs and DCF that DCF is entitled to request a copy of the legal file from Holt and Harpool, that if DCF made request of the legal file that Holt and Harpool would produce it to DCF, and that Plaintiffs and DCF could then work through any document production and privilege issues. To date, no such request has been made by DCF. DCF has also served the objections to the Subpoenas, attached as **Exhibit G**, to the deposition testimony and documents.

**ARGUMENT**

3

The Federal Rules of Civil Procedure provide that any person from whom discovery is sought may move for a protective order on matters relating to a deposition in the district where the deposition will be taken. Fed.R.Civ.P. 26(c)(1). The Rules further provide that the Court may, for good cause, issue an order to protect a person from, *inter alia*, undue burden or expense.

The Federal Rules of Civil Procedure grant courts the discretion to stop unnecessary discovery. Fed.R.Civ.P. 45(d)(3)(A) dictates that "the court for the district where compliance is required must quash or modify a subpoena that: (iii) **requires disclosure of privileged or protected matter, if no exception or waiver applies**, or (iv) **subjects a person to undue burden**." Fed.R.Civ.P. 45(d)(3)(A) (emphasis added). Courts must also "limit the frequency or extent of discovery" where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," and where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed.R.Civ.P. 26(b)(2)(C).

A. **This Court Should Quash Or Modify The Subpoenas Because They Are Unduly Burdensome.**

Federal courts impose even greater restrictions on the scope of discovery targeted at non-parties. S*ee, e.g., Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1497, fn. 2 (10th Cir. 1983). In fact, "[n]on-parties responding to a Fed.R.Civ.P. 45 subpoena are generally offered heightened protection from discovery abuse." *Speed Trac Technologies, Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008) ("the status of a person as a non-party is a factor that weighs against disclosure.").

"Courts carefully scrutinize discovery requests made to non-parties when the requests are burdensome or unduly invade the privacy rights of the non-party." *Audiotext Commc'ns Network,*

4

*Inc. v. US Telecom, Inc.*, No. CIV.A.94-2395-GTV, 1995 WL 625962, at *11 (D. Kan. Oct. 5, 1995) (internal quotations and citations omitted). The Court must balance the need for discovery against the burden on the non-party.

> Whether a subpoena imposes an undue burden upon a witness is a case-specific inquiry that turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

*Speed Trac Technologies, Inc. v. Estes Exp. Lines, Inc.*, No. 08-212-KHV, 2008 WL 2309011, at *2 (D. Kan. June 3, 2008). The foregoing factors favor quashing or modifying the Subpoenas.

### 1. The Documents Should Be Sought from DCF Who is a Party and Who Is Legally Entitled to the File.

Holt and Harpool are not parties to the Lawsuit. Rather, they were counsel for DCEH and its subsidiaries, and also DCF as the entity holding the sole membership interest in DCEH. Thus, Holt and Harpool's former clients are legally entitled to, and have control of their own file.[4] ABA Model Rule 1.15(d) provides that a lawyer shall "promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive." ABA Model Rule 1.16(d) provides that upon termination of representation, "a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as … surrendering papers and property to which the client is entitled." ABA Model Rule 1.4(a)(4) further requires the lawyer to "promptly comply with reasonable requests for information." Holt and Harpool are ready, willing, and able to do so upon request from their former clients; not in response to a Subpoena from Plaintiffs.

Plaintiffs cannot use the Rule 45 subpoena as a means of making "an end-run around the

---

[4] "The client's files belong to the client, not to the attorney representing the client." *Chrysler Corp. v. Carey*, 5 F. Supp. 2d 1023, 1035 (E.D. Mo. 1998), aff'd, 186 F.3d 1016 (8th Cir. 1999) (quoting *In re Cupples*, 952 S.W.2d 226, 234 (Mo. banc 1997)); *see Branin v. Collingswood Borough Custodian*, No. A-4670-10T4, 2012 WL 3205525, at *5 (N.J. Super. Ct. App. Div. Aug. 9, 2012) ("[L]egal files are the property of the client.").

5

regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (citation omitted); *see also* Fed.R.Civ.P. 26(b)(2)(c). Other District Courts have recognized that if documents are available from a party, it is better to obtain the necessary documents from the party rather than from a non-party. *See Enviropak Corp. v. Zenfinity Capital, LLC*, 2014 WL 4715384, at *4 (E.D Mo. Sept. 22, 2014).

Plaintiffs' Subpoenas to Holt and Harpool seek documents and testimony regarding Holt and Harpool's "representation of" DCEH, DCF, IIA, AIC, "and any organizations and companies affiliated with them." However, DCF has apparently objected to document requests in the Lawsuit and served a privilege log. Thus, Plaintiffs' dispute appears to be with DCF; not Holt and Harpool.

### 2. The Request in the Subpoena is Overly Broad Which Imposes an Undue Burden.

Here, Plaintiffs seek "[a]ll documents … regarding any aspect of IIA and AIC's accreditation, IIA and AIC's conversion to non-profit status, and IIA and AIC's eligibility under Title IV of the Higher Education Act" for a three-year period. Use of the omnibus phrase "[a]ll documents related to…" renders the request overly broad and imposes an undue burden or expense on them. *See Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, *2 (D. Kan. 2008) (A discovery request is overly broad on its face if it uses an omnibus term such as "relating to," "pertaining to," or "concerning" because it requires the "respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request."); *see also U.S. v. RW Professional Leasing Services Corp.*, 228 F.R.D. 158, 164 (E.D.N.Y. 2005) (finding request for "all documents relating or referring to" could amount to a massive search for countless documents); *Stewart v. Mitchell Transp.*, 0CIV.A. 01-2546-JWL, 2002 WL 1558210, at *4 (D. Kan. July 11, 2002) ("The Court finds that the use of the term "regarding" makes this request overly broad on its face."); *see*

6

*also Bradley v. Val–Mejias,* No. 00–2395–GTV, 2001 WL 1249339, *6 (D. Kan. Oct. 9, 2001) (use of the term "pertaining to" rendered document request overly broad on its face); *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 197 (D. Kan. 1996) (same).

As such, Plaintiffs' request is overly broad in scope and fails to describe the documents sought (and presumably the testimony as well) with reasonable particularity. Consequently, the Subpoenas places an undue burden on Holt and Harpool by requesting such extensive and ill-defined request that leaves Holt and Harpool left to speculate what would be responsive.

Additionally, the attached Declarations of Holt and Harpool further illustrate the undue burden that the Subpoena would impose upon them. See **Exhibit E** and **Exhibit F.**

### 3. The Subpoena Seeks Documents and Testimony Not Relevant to the Lawsuit.

Plaintiffs' Subpoenas also appear to seek documents and testimony on irrelevant information that, therefore, imposes an unnecessary burden on a non-party. *See, e.g., Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 622 (9th Cir. 1999). Courts have routinely held that it is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *See*, *e.g.*, *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013); see also *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Specifically, the Subpoenas call for "[a]ll documents related to [Mr. Holt and Mr. Harpool's] representation" of not only parties to the Lawsuit, but also those not named as defendants in the litigation (i.e., AIC), whom none of the named plaintiffs are alleged to have attended, and that would not be encompassed within plaintiffs' proposed class certification. *See* **Exhibit A**, ¶¶ 18-23, ¶ 236.

### 4. Plaintiffs' Alleged Claim of Waiver Undermines Any Claim for Need of the Documents

7

As noted above, Plaintiffs' counsel has claimed that Holt and Harpool's former clients' assertions of privilege have been waived through disclosure to third parties. Assuming this is correct, Plaintiffs presumably already possess the documents being sought from Holt and Harpool. Moreover, even if they do not possess all such documents, the proper approach would be to seek them from the party to the lawsuit who have both the legal right and practical ability to obtain them. This is particularly true where DCF as a party would be in a far better position to assess claims of privilege and waiver.

**B.   This Court Should Quash or Modify Plaintiffs' Subpoenas Because It Calls for Privileged Material.**

Because Defendant DCF has apparently asserted privilege, and because non-parties Holt and Harpool have not received consent of all other former clients, they must respectfully protect the privileged information of their former clients. The attorney-client privilege belongs to the client, but it may be asserted by the attorney on the client's behalf. *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir.1956). The attorney has an affirmative duty not to disclose a client's privileged or confidential information without the client's consent or without a clear court order. *See* ABA Model Rule 1.6 (listing narrow circumstances under which disclosure is permissible without consent). Therefore, the attorney "is duty bound to raise the claim in any proceeding in order to protect communications made in confidence." *Republic Gear Co. v. Borg Warner Corp.*, 381 F.2d 551, 556 (2nd Cir. 1967) (internal citation omitted). Further, the privilege survives termination of the attorney-client relationship. *U.S. v. White*, 970 F.2d 328, 334 (7th Cir. 1992) ("Once the attorney-client privilege attaches to a communication, the communication retains the protection of the privilege even after the termination of the attorney-client relationship.")

Therefore, Holt and Harpool request that this Court quash or modify the Subpoenas served upon Holt and Harpool and require Plaintiffs to work through any privilege disputes with

8

Defendants regarding assertions of privilege in the manner required by the local rules in the Northern District of Illinois and the other rules governing discovery, instead of allowing Plaintiffs to sidestep this process by seeking the documents from Holt and Harpool.

      **C.    The Court Should Enter A Protective Order on the Basis that Requiring Non-Parties to Provide A Privilege Log Would Be Unduly Burdensome**

Finally, Holt and Harpool are cognizant of the requirement in Fed.R.Civ.P. 45(e)(2)(A)(ii) that a person withholding information under a claim of privilege must describe the nature of the documents, communications, or tangible things in a manner that, without revealing informant itself privileged will enable the parties to assess the claim. However, a privilege log is unduly burdensome when Holt and Harpool lack information upon which to assess claims of waiver.

Additionally, some courts have not required privilege logs in situations, such as this, where the request "[o]n its face" demands the production of documents otherwise protected as privileged. *Sec. and Exch. Comm. v. Thraser*, 1996 WL 125661, *1-2 (S.D.N.Y. Mar. 20, 1996); *see also In re TQ Delta*, CV 17-MC-328-RGA, 2018 WL 5033756, at *3 (D. Del. Oct. 17, 2018) ("For the reasons stated above, the creation of a privilege log would itself be unduly burdensome here. Therefore, the lack of a privilege log will not defeat Mr. Vick's claim of attorney-client privilege."); *Sec. and Exch. Comm. v. Nacchio*, 2007 WL 219966, *10 (D. Colo. Jan. 25, 2007); s*ee also United States v. Gericare Medical Supply Inc.,* 2000 WL 33156442, *4 (S.D.Ala.2000) (in rejecting defendants' demand for a document-by-document privilege log, concluded that defendants had not explained how a categorical privilege log impaired their ability to test plaintiff's claim of work product protection, which rose or fell as a unit); *In re Imperial Corporation of America Related Litigation,* 174 F.R.D. 475, 478 (S.D.Cal.1997) (acknowledging that a document-by-document privilege log may not always be appropriate or necessary in every case).

Even if the Court were to determine that there is an insufficient evidentiary basis to determine undue burden, "[t]his Court has fashioned an exception to the rule requiring evidentiary support, which applies when the discovery request is unduly burdensome on its face." *Aikens v. Deluxe Fin. Services, Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003). Here, the request is unduly burdensome for the reasons set forth in section A, *supra*.

### CERTIFICATION OF COMPLIANCE WITH D. KAN. RULE 37.2

Undersigned counsel has exchanged multiple emails and letters with counsel for Plaintiffs and DCF regarding the issues raised in the Motion. Additionally, undersigned counsel has spoken with counsel for Plaintiffs multiple times by phone. Undersigned counsel held a meet-and-confer phone call on October 18, 2023 with Plaintiffs' counsel and a meet-and-confer phone call with Plaintiffs' counsel and counsel for DCF on October 31, 2023. In both such calls, undersigned counsel has requested that Plaintiffs' counsel withdraw the Subpoenas, that DCF make a request for the file, and that Plaintiffs seek the documents directly from DCF in the Lawsuit. To date, DCF has made no such request and Plaintiffs have refused to withdraw the Subpoenas.

### CONCLUSION

For the foregoing reasons, non-parties Holt and Harpool respectfully request that this Court quash or modify Plaintiffs' Subpoenas and issue a protective order on the basis that requiring them to provide a privilege log to a patently overbroad request would be unduly burdensome. Holt and Harpool further request sanctions under Fed.R.Civ.P. 45(d)(1) for failure to take reasonable steps to avoid imposing an undue burden or expense (including lost earnings and reasonable attorneys' fees). Alternatively, should the Court order compliance, either in whole or in part, non-parties Holt and Harpool request that the Court order fee-shifting pursuant to Fed.R.Civ.P. 45(d)(2)(B)(ii).

          Respectfully submitted,

          ROUSE FRETS WHITE GOSS
          GENTILE RHODES, P.C.

          By: */s/ John W. Witten*

              John W. Witten      KS #23833
              Brett C. Randol      KS #22794

              5250 W. 116th Place, Suite 400
              Leawood, Kansas 66211
              Telephone: (913) 387-1600
              Facsimile: (913) 928-6739
              jwitten@rousepc.com
              brandol@rousepc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy was sent, via email, to the attorneys in the underlying lawsuit:

Daniel A. Edelman
Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603
courtecl@edcombs.com
cmiller@edcombs.com

Eric Rothschild
National Student Legal Defense Network
1701 Rhode Island Avenue, NW
Washington, DC 20036
eric@defendstudents.org

Alexander S. Elson
National Student Legal Defense Network
1015 15th St NW. Suite 600
Washington, DC 20005
alex@nsldn.org
ATTORNEYS FOR PLAINTIFF

John Paul Arranz
Kevin P. Lolli
Swanson, Martin & Bell
330 North Wabash, Suite 3300
Chicago, IL 60611
jarranz@smbtrials.com
klolli@smbtrials.com

Joseph D. Sweeny
Saul Ewing Arnstein & Lehr LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Joseph.sweeny@saul.com
ATTORNEYS FOR DEFENDANTS
ILLINOIS INSTITUTE OF ART-SCHAUMBURG,
ILLINOIS INSTITUTE OF ART, LLC AND
DREAM CENTER EDUCATION HOLDINGS, LLC

Eric L. Samore
John C. Ochoa
Gary Zhao
Amundsen Davis LLC
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
esamore@amundsendavislaw.com
jochoa@amundsendavislaw.com
gzhao@amundsendavislaw.com
ATTORNEYS FOR DEFENDANT
DREAM CENTER FOUNDATION

Howard J. Rosenburg
Kopecky Schumacher Rosenburg LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
hrosenburg@ksrlaw.com
ATTORNEY FOR DEFENDANT
SHELLY MURPHY

Raj N. Shah
Eric M. Roberts
Kenneth L. Schmetterer
Yan Grinblat
Robert Muttilainen
DLA PIPER LLP
444 W. Lake St., Suite 900
Chicago, IL 60606

Raj.shah@us.dlapiper.com
Eric.roberts@us.dlapiper.com
Kenneth.schmetterer@us.dlapiper.com
Yan.grinblat@us.dlapiper.com
Robert.muttilainen@us.dlapiper.com
ATTORNEYS FOR DEFENDANTS
BRENT AND CHRIS RICHARDSON

*/s/ John W. Witten*